## Smith v. First National Bank of Barbourville et al.

(Decided Jan. 31, 1933.)

J. B. CAMPBELL and MARTIN T. KELLY for appellant.
J. D. TUGGLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Affirming.

On April 12, 1927, a judgment was rendered in the Knox circuit court against the appellant Sarah Smith and her husband, William Smith, foreclosing a mortgage which the appellee held against certain property owned jointly by the appellant and her husband. On

July 28, 1930, this suit was brought by Sarah Smith for the purpose of having the judgment of April 12, 1927, set aside and to enjoin a sale under that judgment which was about to be held at the time this suit was filed; her grounds for such action being that she had never signed, executed, or acknowledged the mortgage which had been foreclosed by the judgment of 1927 and that she had not been served with process in the suit resulting in that judgment of 1927 and knew nothing about that suit until her property was advertised for sale in 1930. An answer traversed the allegations of the petition, the issues being thus made up on November 15, 1930. On July 1, 1931, on the appellant's motion an order was entered in the Knox circuit court. That order is as follows:

"It appearing to the court that Sarah Smith, the plaintiff in this case is a mute and deaf and dumb and is unable to communicate her testimony, except to a special appointed person, or some of her family, and that it is necessary for a proper trial of this case that some person be appointed to take her deposition. On motion of plaintiff for the purpose of having such person appointed it is now ordered that ———— be, and he is hereby appointed a commissioner to take the testimony of Sarah B. Smith in the above styled case, and he will secure such interpreter as to him seems necessary in order to have the testimony in this case taken of the witness, Sarah B. Smith."

No action in this case was taken thereafter until November 17, 1931, when this case was submitted for judgment without objection or exception. The case remained under submission without any action on the part of appellant until December 4, 1931, when judgment was rendered dismissing plaintiff's petition, obviously because of lack of proof. On the next day appellant filed a motion to set aside the judgment on the ground that nothing had been done looking to an appointment of an interpreter under the order of July 1, 1931, and that appellant should have opportunity to have her proof taken. The court overruled this motion and this appeal results.

Counsel is in error in arguing that under the order of July, 1931, the appointment of an interpreter rested either in the joint agreement of the parties as to who

should act as such interpreter or in the appointment of such an interpreter by the court. The order plainly provides that whatever notary or commissioner took the evidence of the appellant should have the right to select an interpreter for that purpose. Appellant delayed almost five months without making any effort to have her own deposition taken. She could have given notice at any time that her deposition would be taken before any officer authorized by law to take a deposition and that officer would have had the right to select an interpreter for that purpose. This appellant did not do. She made no objection at the time the cause was submitted for judgment. Some diligence is required on the part of litigants in the preparation and trial of their lawsuits and certainly none was shown here. Under these facts, the court properly declined to open up this judgment. As said in the case of Townsend v. Rhea, 38 S. W. 865, 18 Ky. Law Rep. 901, in declining to reverse a judgment where a continuance was asked when the case was called for trial because of the absence of the defendant which request was refused, judgment going against the defendant:

"Moreover, it is to be remembered that the case was pending in equity from its inception, in July, 1892, until a few days before the trial, in February, 1894, and appellant did not prepare his case by taking depositions of himself and other witnesses. It does not appear that he has used due diligence in preparing for trial."

Here no diligence was shown in preparing appellant's case, and the motion to set aside the judgment was properly overruled.

The judgment is affirmed.